Cohen, Weiss and Simon LLP
Thomas M. Kennedy
Kate M. Swearengen
900 Third Avenue, Suite 2100
New York, New York 10022-4869
Telephone: (212) 563-4100
Facsimile: (212) 563-6527
tkennedy@cwsny.com
kswearengen@cwsny.com

Robert M. Cheverie & Associates, P.C.
Robert M. Cheverie, Esq.
333 East River Drive, Suite 101
East Hartford, Connecticut 06108
Telephone: (860) 290-9610
Facsimile: (860) 290-9611

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

| | |
|---|---|
| MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING FUND and JOHN J. VIRGA, in his fiduciary capacity as Director of said Funds, | Case No. _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Exterior Wall Building Consultants, Inc.; Trade Off, LLC; Trade Off Plus, LLC; and Ronald Lattanzio, | |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Fund, and John J. Virga, in his fiduciary capacity as Director of said Funds (collectively, "Plaintiff Funds"), by their attorneys, Cohen, Weiss and Simon LLP and Robert M. Cheverie & Associates P.C., complain of Defendants Exterior Wall Building Consultants, Inc.; Trade Off, LLC; Trade Off Plus, LLC; and Ronald Lattanzio, as follows:

## INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.,* and under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, by multiemployer benefit funds ("Funds") sponsored by Mason Tenders District Council, LIUNA ("Mason Tenders") to recover benefit fund contributions owed to them by a signature employer and its alter ego entities, as well as the signatory employer's principal officer. Exterior Wall Building Consultants, Inc. ("EWBC"), and its alter egos Trade Off and Trade Off Plus, together with their owner, Ronald Lattanzio ("Lattanzio"), fraudulently schemed to avoid contributions to the Funds by establishing alter ego entities to perform work plainly covered by EWBC's collective bargaining agreements with the Mason Tenders.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), and 1132(f). This Court also has jurisdiction under § 301 of the LMRA, 29 U.S.C. § 185 in that certain of Defendants' actions violated the collective bargaining agreements between an employer and a labor organization.

3. Venue lies in this district under 29 U.S.C. § 1132(e)(1) and 29 U.S.C. § 185(a), as a substantial number of the ERISA violations occurred in this district, and the Plaintiff Funds are administered in this district.

## THE PARTIES

4. The Plaintiff Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §§ 1002(3) and (37), with their principal place of business at 520 Eighth Avenue, Suite 600, New York, New York 10018-4196. The Funds are sponsored by the Mason Tenders, a labor organization, and are jointly administered by a Board of Trustees,

comprised of an equal number of labor and management representatives in accordance with § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Director of the Plaintiff Funds is John J. Virga who sues on behalf of the Funds in his Fiduciary Capacity as Director of the Funds.

5. EWBC was incorporated in the State of New York on November 8, 1999 and purports to be located at 226 E. Merrick Rd., Valley Stream, New York, 11580 but is, in fact, located and administrated at 68 Whitehall Street, Lynbrook, New York, 11563. The Chief Executive Officer ("CEO") of EWBC purports to be Mathew Caruso ("Caruso") but is, in fact, Lattanzio. The business of EWBC is employing union laborers represented by the Mason Tenders and its affiliated local Union, Local 79 Construction and Building Laborers ("Local 79"), to perform work at construction sites in the New York metropolitan area.

6. Trade Off, LLC ("Trade Off") was incorporated in the State of New York on May 24, 2012 and is located at 68 Whitehall Street, Lynbrook, New York, 11563 ("68 Whitehall Street"). The business of Trade Off is providing non-union laborers to perform work at construction sites in the New York metropolitan area.

7. Trade Off Plus, LLC ("Trade Off Plus") was incorporated in the State of New York on February 26, 2016 and is also located at 68 Whitehall Street. The business of Trade Off Plus is also providing non-union laborers to perform work at construction sites in the New York metropolitan area.

8. EWBC, Trade Off and Trade Off Plus provide the same laboring services on construction sites in New York City which include general conditions labor and carpentry, sweeping, cleaning, following up after trades work, loading and unloading trucks, general safety oversight, flaggers and fire guards and installing safety nets around buildings.

3

9. Lattanzio owns and controls EWBC, Trade Off and Trade Off Plus, among many other companies. He resides in New York State.

10. Lattanzio operates a web of companies that perform work in the construction industry that are headquartered at 68 Whitehall Street, including Golden Glow Enterprises. Lattanzio is its President and Matthew Caruso ("Caruso") is its Vice President. Also located at 68 Whitehall are Golden Glow Holding, Golden Glow Consulting and Golden Glow Services (where Lattanzio is President and Caruso is Vice President). Golden Glow Services describes its services as including the provision of general conditions labor and its New York companies as including Construction and Realty Services Group, Inc. ("CRSG"), Domani Consulting (both of which have Lattanzio as their President), EWBC and Construction Realty Safety Group. The business purpose of CRSG and the business of Golden Glow Services both include providing laborers to work at construction sites in the New York metropolitan area.

## STATEMENT OF RELEVANT FACTS

BACKGROUND

11. Lattanzio has been convicted of criminal fraud and bribery in connection with the operation of his construction industry businesses. In 2000, Lattanzio testified in a corruption trial involving the New York City Department of Buildings ("DOB") that he bribed a host of DOB officials, including the assistant commissioner, with sports tickets, vacations at Disney World and a case of wine. Lattanzio testified under oath that he paid off a retired civil engineer to use his stamp to certify as safe more than 100 building plans that the engineer never actually saw. On information and belief, after his guilty plea, Lattanzio began to create entities for the purpose of again utilizing his knowledge and contacts involving the DOB to enrich himself. He proceeded to establish a web of interrelated companies located in close proximity in Valley

Stream, Long Island to allow him to offer labor construction services. CRSG, for example, provides "one-stop-shopping" for compliance, engineering, safety, and labor services for all phases of construction and development in the New York area, including the provision of laborers by EWBC.

EWBC HAS A CBA WITH THE MASON TENDERS

12. EWBC is a member of the Building Contractors Association, Inc. ("BCA"), which is a multiemployer collective bargaining organization that is party to a collective bargaining agreement ("CBA") with Mason Tenders covering the periods of July 1, 2010 through June 30, 2014 and July 1, 2014 through June 30, 2018. On or about July 13, 2018, the Mason Tenders entered into a CBA with the BCA for the period July 1, 2018 through June 30, 2022. EWBC is bound by the CBA as a result of its membership in the BCA.

13. The CBA requires that EWBC make periodic contributions to the multi-employer pension, health and welfare funds set forth in each contract for each hour worked by a laborer in covered work as defined in the CBA. EWBC has breached the CBA by engaging in covered work through a variety of alter ego entities that were established for the sole reason of allowing EWBC to perform covered work without complying with its obligations under the CBA.

14. Article I, Section 7 of the CBA provides:

> In order to protect and preserve, for the Mason Tenders covered by this Agreement, all work heretofore traditionally performed by them under this Agreement, and in order to prevent any device or subterfuge to avoid the protection and preservation of such work, it is hereby agreed as follows: if and when the Employer shall perform any work set forth in Article IV of this Agreement under its own name or under the name of another, as a person, company, corporation, partnership, or any other business entity, including joint venture and/or sole proprietorship, wherein the Employer exercises a significant degree of ownership, management and/or control over such other business entity, the terms and conditions of this Agreement shall be applicable to all such work: (a) where the

> two enterprises have common management, business purpose, operation, equipment, customers, supervision and/or ownership; and (b) where there exists between the Employer and such other business entity: interrelation of operations, and/or centralized control of labor relations.

## **TRADE OFF AND TRADE OFF PLUS ARE ALTER EGOS OF EWBC**

**1. EWBC, Trade Off and Trade Off Plus Are Controlled By Lattanzio and Are Jointly Administered**

15. EWBC, Trade Off and Trade Off Plus as well as Golden Glow Services each have a common business purpose that involves entering into contracts with construction companies to provide laborers to perform general conditions labor, site safety laborers and demolition laborers at construction projects in the New York metropolitan area.

16. EWBC, Trade Off and Trade Off Plus share headquarters and personnel. Caruso is the alleged CEO of EWBC as well as the President of the Rossi Corporation, which includes Domani Inspection Services, Domani Technical and Design Services, CRSG and EWBC (collectively, "the Rossi entities"). The Rossi entities are headquartered and administered at 68 Whitehall Street, Valley Stream New York, which is approximately a three-minute walk from 226 East Merrick Road, Valley Stream, New York, which purports to be their address.

17. Lattanzio has a practice of utilizing fictional addresses to cloak the commonality of his business activities. For instance, when Lattanzio incorporated Luca Holdings, LLC to use as a holding company for some of his companies, he registered its address as 33 Lois Place, Valley Stream, New York 11580, which despite the difference in its purported address is only 92 feet away from 226 East Merrick Road, Valley Stream, New York. Trade Off Construction Services is another Lattanzio-owned entity that has in recent years used both the 226 East Merrick Road, Valley Stream, New York and 68 Whitehall addresses (the address of EWBC, Trade Off and Trade Off Plus).

18. Lattanzio uses the 68 Whitehall address as the headquarters for the following entities that he owns or controls: CRSG; Domani Consulting, Inc.; Luca Holdings LLC; Golden Glow Enterprises, Inc.; Ronami LLC; Golden Glow Services, Inc.; Golden Glow Consulting, Inc.; Safcon LLC; Trade Off Plus LLC; 80 84 Whitehall LLC; Architecture By Domani; and Golden Glow Holdings LLC. Luca Holdings LLC is the owner or member of Trade Off and Trade Off Plus and Lantanzio is the owner or member of Luca Holdings LLC.

19. Lattanzio has served as the Superintendent of EWBC. New York City DOB records show that EWBC was the General Contractor for a project at 112 Central Park South, Manhattan and that Lattanzio was the Superintendent of EWBC for that project.

20. Lattanzio has also served as the Superintendent of Trade Off. New York City DOB records show that Trade Off was the General Contractor for a project at 5 West 125th Street, Manhattan and that Lattanzio was the Superintendent of Trade Off for that project.

21. Lattanzio reached a determination sometime before September, 2016 that he needed to offer a non-union as well as a union firm to perform laboring services on construction sites in New York because non-union labor firms were consuming a growing percentage of the construction market. On September 9, 2016, Lattanzio caused to be printed by the CRSG Newsletter, "The Building Block," Vol. 7, Issue 9, an article that remarked on "[t]he shift in large developments from a majority union stake to 'Open Shop' or 'Merit Based' jobs" and noted that "[i]t is no secret that non-union labor companies have the ability to underbid union contractors anywhere from 15% to 35% and more in some cases." On information and belief, this perceived economic disparity caused Lattanzio to utilize Trade Off and Trade Off Plus as alter egos to perform the EWBC covered work.

22. Trade Off, Trade Off Plus and EWBC are administered by the same clerical employees who are employed by CRSG and who perform accounts receivable, accounts payable, payroll administration and human relations for all of those companies at 68 Whitehall Street, Valley Stream, New York ("the CRSG employees"). The CRSG employees compile daily and weekly reports of checks received by Trade Off, Trade Off Plus and EWBC among other Lattanzio-owned entities. A 90-day aging report is prepared by the CRSG employees that identifies the accounts receivable for EWBC, Trade Off and Trade Off Plus among other Lattanzio-owned entities. A weekly cash analysis is prepared by the CRSG employees for EWBC, Trade Off and Trade Off Plus, among other Lattanzio-owned entities, which shows cash on hand as well as collections due, cross company aging of accounts and loan availability based on all the Lattanzio companies including EWBC, Trade Off and Trade Off Plus. Each month the CRSG employees prepare a list of invoices open at the beginning of the month and the amounts and percentages of those bills paid for EWBC, Trade Off and Trade Off Plus, among other Lattanzio-owned entities. EWBC and Trade Off and Trade Off Plus are administered as a single business entity.

23. CRSG, Luca Holdings, EWBC, Trade Off and Trade Off Plus are all managed by the CRSG employees using an Accordant Co LLC Workplan construction industry software that treats all those entities as separate divisions of one business entity.

24. CRSG has advertised that it provides general conditions labor for Domani Consulting, Domani Inspection Services, Inc. and Trade Off. The Domani companies are allegedly part of the Rossi Group and Trade Off is allegedly part of the Luca Holdings group.

25. Luca Holdings uses its Human Resources personnel and CRSG personnel to staff Trade Off and Trade Off Plus openings for non-union laborers. Laura Condulis ("Condulis"), an

employee of Trade Off, became the Vice President, Finance and Operations for Luca Holdings LLC. Justin Hagedorn ("Hagedorn") is the General Superintendent at Trade Off but is actually employed by Luca Holdings LLC and was previously employed by CRSG immediately prior to his employment at Trade Off.

26. Lattanzio, Caruso, Condulis and Jason Abadie, the Vice President of Operations for Trade Off and Trade Off, have all received a salary from CRSG. Jason Abadie now receives his salary from Luca Holdings.

27. Trade Off, Trade Off Plus, CRSG, Golden Glow Enterprises, Domani Consulting, Inc, EWBC and Luca Holdings LLC are all jointly rated by the New York State Compensation Insurance Ratings Board for purposes of their New York State Workers Compensation Insurance premiums.

28. Caruso and Lattanzio supervise and direct the operations of EWBC, Trade Off and Trade Off Plus. Caruso and Lattanzio have previously shared CEO duties on other entities involved in the construction industry. An entity known as Domani Inspection Services, Inc. lists Caruso as "owner" on a license to operate a "special inspection agency" to monitor code compliance for builders; at one time the incorporation papers for Domani Inspection Services, Inc. listed the CEO as "Ronald Lahanzio [sic]." Lattanzio is the CEO of both Domani Technical & Design Services and Domani Consulting, Inc.

29. Patricia Pastor identifies herself as the Vice President and General Counsel of CRSG and has also appeared as an attorney for Trade Off and Trade Off Plus in various actions including National Labor Relations Board unfair labor practice proceedings brought by Trade Off and Trade Off Plus employees, as well as in related civil proceedings in Supreme Court, Nassau County against Local 79, a union affiliated with the Mason Tenders. Erin M. McGinnis

has served as the General Counsel of CRSG and is also representing employees of Trade Off and Trade Off Plus in a civil case in Supreme Court, Nassau County against Local 79.

**2.      EWBC Is Affiliated With CRSG, Trade Off and Trade Off Plus**

30.     EWBC is an affiliated company with CRSG.  EWBC and CRSG each agreed with the Plaintiff Funds that they were jointly and severally liable for $1.5 million dollars pursuant to the EWBC CBA based on the employment by CRSG of safety managers represented by Local 79.  Caruso executed the settlement agreement on behalf of EWBC; Lattanzio executed the document on behalf of CRSG.

31.     Trade Off and Trade Off Plus are also affiliated with CRSG.  The CRSG 401(K) Profit Sharing Plan ("the CRSG Plan") covers employees of CRSG and Trade Off.  Employees of Trade Off are entitled to participate in the CRSG Plan because Trade Off and Trade Off Plus are affiliated companies with CRSG under the Internal Revenue Code.

**3.      EWBC, Trade Off And Trade Off Plus
         Share The Same Equipment And Customers**

32.     Large general contractors, such as Gilbane Building Company and The Related Companies, L.P. have utilized both Trade Off and EWBC on various jobs.  The equipment utilized by construction laborers for EWBC is the same type of equipment as that utilized by construction laborers employed by Trade Off and Trade Off Plus.  EWBC, Trade Off and Trade Off Plus provide labor services to general contractors or construction managers in the metropolitan New York City construction services market.  Union and non-union contractors can and do both work on various "open shop projects" in the New York City construction market, and there is a single market for construction labor services in the metropolitan New York City area.

10

### 4. Lattanzio, Trade Off and Trade Off Plus Have Demonstrated Animus Against the Mason Tenders

33. Lattanzio, Trade Off and Trade Off Plus have demonstrated a high level of anti-union animus against the Mason Tenders District Council and its largest local union, Local 79. On June 29, 2018, the Regional Director for Region 2 of the National Labor Relations Board issued a complaint in the consolidated cases known as Trade Off, LLC and Building and Construction Laborers Local 79, Case Nos. 2-CA-199415, 205658, 212872, 203161 and 207414 in which Trade Off and Trade Off Plus and Lattanzio were alleged to have committed the following unfair labor practices which demonstrate their animus towards MTDC and Local 79. The trial of these allegations concluded in November, 2018 and the ALJ decision is expected soon:

    a. Refusing to hire laborers who support Local 79;

    b. Discharging employees because they supported Local 79;

    c. Surveilling the activities of Local 79 members and supporters;

    d. Interrogating employees concerning their support for Local 79;

    e. Threatening employees for supporting Local 79; and

    f. Ordering employees stop supporting Local 79.

### AND FOR A FIRST CAUSE OF ACTION AGAINST EWBC FOR VIOLATION OF ERISA

34. Plaintiffs repeat and reallege the allegations of paragraphs 1 to 33 as if fully set forth herein.

35. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the

terms of a collectively bargained agreement … [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

36. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter or the terms of the plan."

37. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that:

[i]n any action brought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan,

(a) the unpaid contributions;

(b) interest on the unpaid contributions;

(c) an amount equal to the greater of

(i) the interest on the unpaid contributions; or

(ii) iquidated damages … in an amount not to exceed 20% of the [unpaid contributions];

(d) reasonable attorney's fees and costs of the action; and

(e) such other legal or equitable relief as the court deems appropriate.

38. Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), further provides that "[i]n any action under this subchapter [other than one described in 502(g)(2)] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fees and costs of action.…"

39. EWBC has underpaid the contributions that are due and owing the Plaintiff Funds on a systematic and continuous basis since May, 2012.

12

40. EWBC's failure to remit contributions to the Plaintiff Funds for hours worked by individuals performing covered work pursuant to the CBA constitutes a failure to make contributions in accordance with the terms of the applicable CBA, in violation of §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, giving rise to an action under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

41. The Plaintiff Funds have sustained losses believed to be in excess of one hundred million dollars ($100,000,000.00) due to the failure of EWBC to make the required contributions based on the work performed on the jobs identified in this Complaint and other jobs currently unknown to Plaintiffs.

42. Trade Off and Trade Off Plus are alter egos of EWBC and therefore EWBC is obligated under the CBA to make contributions to the Plaintiff Funds for covered work performed by Trade Off and Trade Off Plus.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST TRADE OFF AND TRADE OFF PLUS, AS
ALTER EGOS OF EWBC, FOR VIOLATION OF ERISA**

43. Plaintiffs repeat and reallege the allegations of paragraphs 1 to 42 as if fully set forth herein.

44. Trade Off and Trade Off Plus did not make the monthly contributions that were and are due and owing to the Plaintiff Funds based on covered work performed by Trade Off and Trade Off Plus employees on a systematic and continuous basis since May, 2012 despite their status as alter egos of EWBC.

45. The failure of Trade Off and Trade Off Plus to remit contributions to the Plaintiff Funds for hours worked by individuals performing covered work constitutes a failure to make contributions in accordance with the terms of the applicable CBAs, in violation of §§ 502 and

515 of ERISA, 29 U.S.C. §§ 1132 and 1145, giving rise to an action under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

46. The Plaintiff Funds have sustained losses of one hundred million dollars ($100,000,000) based on the failure of Trade Off and Trade Off Plus to make the required contributions for the work performed on the jobs identified in this Complaint, and other jobs currently unknown to Plaintiffs.

47. Trade Off and Trade Off Plus are alter egos of EWBC and are obligated under the EWBC CBAs to make contributions to the Plaintiff Funds for covered work performed by Trade Off and Trade Off Plus employees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST EWBC, TRADE OFF AND TRADE OFF PLUS FOR VIOLATION OF THE LMRA BY BREACHING THE MASON TENDERS CBA

48. Plaintiffs repeat and reallege the allegations of paragraphs 1 to 47 as if fully set forth herein.

Section 301(a) of the LMRA, 29 U.S.C. § 185(a), provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

49. Section 301(b) of the LMRA, 29 U.S.C. § 185(b), provides that "[a]ny labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents."

50. The CBAs set forth the work that should be performed by individuals represented by the Mason Tenders.

51. Article II Sections 5, 6 and 7, Article IV and Article XI, Sections 3 and 4 of the CBA require that EWBC, any principal of EWBC and any related employer contribute stated amounts to the Plaintiff Funds.

52. Article II, Sections 5, 6 and 7 and Article XI Sections 3 and 4 of the CBA provides that the obligations to submit reports and/or contribute to the Plaintiff Funds not only applies to EWBC, but to its President, Vice President, Secretary-Treasurer, individual partner, employee of the partnership, officer, stockholder, proprietor or employee of the corporation, company, joint venture or proprietorship and that he or she shall be personally and individually obligated to submit reports and/or pay the required contributions. In addition, to the extent EWBC subcontracts any work, it must be to an employer that is bound by all of the provisions of the CBA.

53. Since at least 2012, EWBC, through its alter egos Trade Off and Trade Off Plus, has performed work defined as "covered work" under the CBA without assigning such work to employees represented by the Mason Tenders.

54. EWBC, Trade Off and Trade Off Plus failed to remit contribution payments to the Plaintiff Funds for the hours worked by employees performing covered work on the jobs identified in this complaint and at others presently unknown to Plaintiffs.

55. The Plaintiff Funds have sustained losses of one hundred million dollars ($100,000,000) due to the failure of EWBC, Trade Off and Trade Off Plus to perform their obligations under the CBA.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST EWBC AND LATTANZIO
## FOR COMMON LAW FRAUD UNDER ERISA

56. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57. EWBC and Lattanzio knowingly committed fraud against the Plaintiff Funds by creating and orchestrating a scheme to omit hours worked in covered employment by Trade Off and Trade Off Plus from the contribution reports sent by EWBC to the Plaintiff Funds.

58. Lattanzio is a controlling corporate official of EWBC, Trade Off and Trade Off Plus.

59. The Plaintiff Funds conduct periodic audits of contributing companies. On multiple occasions, representatives of the Plaintiff Funds conducted audits of EWBC in which misrepresentations were made by representatives of EWBC concerning the presence of affiliated companies doing covered work under the CBA. Specifically, when the Plaintiff Funds conducted audits of EWBC, EWBC representatives falsely advised the auditors that EWBC had no affiliated companies.

60. EWBC and Lattanzio, made, or caused to be made, materially false representations and omissions of existing facts by filing false weekly contribution statements with the Plaintiff Funds that failed to disclose the hours being worked in covered employment through Trade Off and Trade Off Plus, and underpaying the amounts of contributions they knew to be owed.

61. Defendants EWBC and Lattanzio knew that EWBC was filing false reports and making substantial underpayments each week to the Plaintiff Funds.

62. The Plaintiff Funds reasonably relied, to their detriment, on the material and false representations and omissions made by EWBC concerning the hours of covered work by Trade Off and Trade Off Plus.

63. Particular facts demonstrating the creation and the operation of Trade Off and Trade Off Plus as alter egos of EWBC are exclusively within the knowledge of defendants EWBC and Lattanzio.

64. Defendants acted in an intentional and reckless manner, consciously disregarded the rights of the Plaintiff Funds, and showed wanton dishonesty and disregard of their civil obligations. The fraudulent acts committed by EWBC and Lattanzio exhibit a high level of moral culpability aimed at the public.

65. Defendants EWBC and Lattanzio, are jointly and severally liable for any contributions due and owing pursuant to §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, based on their knowing participation in a scheme to underpay EWBC's contributions to the Plaintiff Funds in an amount to be proved at trial but believed, with interest, to be in excess of one hundred million dollars ($100,000,000).

WHEREFORE, the Plaintiff Funds respectfully demand judgment as follows:

1. On the first cause of action pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), a judgment against EWBC and in favor of the Plaintiff Funds for unpaid contributions as determined to be due based upon EWBC's underreporting to the Plaintiff Funds of covered work hours performed by its alter ego entities as identified in this litigation, which unpaid contributions are believed to be approximately one hundred million dollars ($100,000,000), together with (i) interest on the unpaid contributions, and (ii) an amount equal to

the greater of (x) the interest on the unpaid contributions, or (y) liquidated damages in an amount of twenty percent (20%) of the unpaid contributions;

2. On the second cause of action pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), a judgment against Trade Off and Trade Off Plus, as alter egos of EWBC, jointly and severally, and in favor of the Plaintiff Funds for unpaid contributions as determined to be due based upon EWBC's underreporting to the Plaintiff Funds of covered work hours performed by its alter ego entities as identified in this litigation, which unpaid contributions are believed to be approximately one hundred million dollars ($100,000,000), together with (i) interest on the unpaid contributions, and (ii) an amount equal to the greater of (x) the interest on the unpaid contributions, or (y) liquidated damages in an amount of twenty percent (20%) of the unpaid contributions;

3. On the third cause of action pursuant to § 301 of the LMRA, 29 U.S.C. § 185, a judgment against EWBC, Trade Off and Trade Off Plus**,** as alter egos of EWBC, jointly and severally, and in favor of the Plaintiff Funds for unpaid contributions as determined to be due based upon EWBC's underreporting to the Plaintiff Funds of covered work hours performed by its alter ego entities as identified in this litigation, which unpaid contributions are believed to be approximately one hundred million dollars ($100,000,000), plus interest;

4. On the fourth cause of action for fraud, pursuant to the federal common law under ERISA, a judgment against EWBC and Lattanzio, jointly and severally, and in favor of the Plaintiff Funds for unpaid contributions as determined to be due based upon EWBC's underreporting to the Plaintiff Funds of covered work hours performed by its alter ego entities as identified in this litigation, which unpaid contributions are believed to be approximately one

hundred million dollars ($100,000,000), plus interest and such punitive damages as a jury shall award;

5. An award to the Plaintiff Funds of their reasonable attorneys' fees and costs, pursuant to §502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

6. Such other and further relief, including injunctive relief, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand a trial by jury of each of their claims in this action.

Dated: January 22, 2019
New York, New York

Cohen Weiss and Simon, LLP

*/s/ Thomas M. Kennedy*
By: Thomas M. Kennedy
Kate M. Swearengen
Cohen, Weiss and Simon LLP
900 Third Avenue, Suite 2100
New York, New York 10022-4869
Telephone: (212) 563-4100
Facsimile: (212) 563-6527
tkennedy@cwsny.com
kswearengen@cwsny.com

Robert M. Cheverie & Associates, P.C.
Robert M. Cheverie, Esq.
333 East River Drive, Suite 101
East Hartford, Connecticut 06108
Telephone: (860) 290-9610
Facsimile: (860) 290-9611

Attorneys for Plaintiffs