UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

MASON TENDERS DISTRICT COUNCIL WELFARE : 
FUND, PENSION FUND, ANNUITY FUND and : Civil Action No.:
TRAINING FUND and JOHN J. VIRGA, in his :
Fiduciary capacity as Director of said Funds, : **1:19-CV- 00623 (AKH)**
:
                           Plaintiffs, :
:
                v. :
:
EXTERIOR WALL BUILDING CONSULTANTS, INC., :
TRADE OFF, LLC, TRADE OFF PLUS, LLC, and :
RONALD LATTANZIO :
:
                      Defendants. :

-------------------------------------------------------------------------X

### ANSWER OF DEFENDANTS TRADE OFF, LLC, TRADE OFF PLUS, LLC AND RONALD LATTANZIO

Defendants Trade Off, LLC ("Trade Off"), Trade Off Plus, LLC ("Trade Off Plus") and Ronald Lattanzio ("Lattanzio") (collectively "Defendants"), by their attorneys, Troutman Sanders LLP, for their Answer to the Complaint dated January 22, 2019 (the "Complaint"), allege as follows:

1.      Paragraph 1 of the Complaint states Plaintiffs' characterization of the nature of the action and the basis therefor, and therefore does not require a response. To the extent a response is nonetheless deemed to be required, Defendants deny that Plaintiffs are entitled to any relief and otherwise deny the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 2 of the Complaint.

38133111v2

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, except deny that Defendants violated the Employee Retirement Income Security Act.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint except deny that Lattanzio is the Chief Executive Officer of Exterior Wall and Building Consultants, Inc. ("EWBC") (incorrectly named as "Exterior Wall Building Consultants, Inc.").

6. Deny the allegations contained in Paragraph 6 of the Complaint except admit that Defendant Trade Off is in the business of providing non-union laborers to perform work at construction sites in the New York metropolitan area.

7. Admit the allegations contained in Paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. Deny the allegations contained in Paragraph 9 of the Complaint except admit that Ronald Lattanzio resides in the State of New York and is the owner of Trade Off and Trade Off Plus.

10. Deny the allegations contained in Paragraph 10 of the Complaint.

11. Deny the allegations contained in Paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint except deny the allegation that EWBC, Trade Off and Trade Off Plus share headquarters and personnel.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint except admit that the permit issued in 2005 speaks for itself.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint and refers to the cited article for full the full text, terms, and legal meaning thereof.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

23. Deny the allegations contained in Paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint except deny that Trade Off is "part" of "the Luca Holdings group."

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

3

28.     Deny the allegations contained in Paragraph 28 of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint except admit that Patricia Pastor and Erin McGinnis are attorneys that have represented Trade Off and Trade Off Plus on unrelated matters.

30.     Deny the allegations of Paragraph 30 of the Complaint, except admits that Lattanzio signed an October 2017 Stipulation and Order of Settlement and Discontinuance in an action pending the United States District Court for the Southern District of New York under Case No. 15 Civ. 9807-PKC on behalf of Construction and Realty Services Group, Inc., and refers to the document for its full text, terms and the legal meaning thereof.

31.     Deny the allegations contained in Paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33.     Deny the allegations contained in Paragraph 33 of the Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST EWBC FOR VIOLATION OF ERISA

34.     Defendants repeat and re-allege their responses to the allegations of Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.     The allegations in Paragraph 35 of the Complaint assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that Paragraph 35 merely purports to partially quote Section 515 of ERISA, 29 U.S.C. § 1145, and refers to such statute for its full text, terms and the legal meaning thereof and otherwise denies the allegations contained therein.

36.     The allegations in Paragraph 36 of the Complaint assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that Paragraph 36

4

merely purports to partially quote Section 502 of ERISA, 29 U.S.C. § 1132(a)(3), and refers to such statute for its full text, terms and the legal meaning thereof and otherwise denies the allegations contained therein.

37. The allegations in Paragraph 37 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Paragraph 37 merely purports to partially quote Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and refers to such statute for its full text, terms and the legal meaning thereof and otherwise denies the allegations contained therein.

38. The allegations in Paragraph 38 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Paragraph 38 merely purports to partially quote Section 502(g)(1) of ERISA § 1132(g)(1), and refers to such statute for its full text, terms and the legal meaning thereof and otherwise denies the allegations contained therein.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST TRADE OFF AND TRADE OFF PLUS AS ALTER EGOS OF EWBC, FOR VIOLATION OF ERISA**

43. Defendants repeat and re-allege their responses to the allegations of Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

5

44. Deny the allegations contained in Paragraph 44 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST TRADE OFF AND TRADE OFF PLUS FOR VIOLATION OF THE LMRA BY BREACHING THE MASON TENDERS CBA**

48. Defendants repeat and re-allege their responses to the allegations of Paragraphs 1 through 47 of the Complaint as if fully set forth herein. The additional allegations in Paragraph 48 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Paragraph 48 merely purports to partially quote Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and refers to such statute for its full text, terms and the legal meaning thereof and otherwise denies the allegations contained therein.

49. The allegations in Paragraph 49 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants state that Paragraph 49 merely purports to partially quote Section 301(b) of the LMRA, 29 U.S.C. § 185(b), and refers to such statute for its full text, terms and the legal meaning thereof and otherwise denies the allegations contained therein.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint.

6

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Deny the allegations contained in Paragraph 54 of the Complaint.

55.     Deny the allegations contained in Paragraph 55 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST EWBC AND LATTANZIO FOR COMMON LAW FRAUD UNDER ERISA

56.     Defendants repeat and re-allege their responses to the allegations of Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     Deny the allegations contained in Paragraph 57 of the Complaint.

58.     Deny the allegations contained in Paragraph 58 of the Complaint except admit that Lattanzio is the sole member of Trade Off and Trade Off Plus.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.

60.     Deny the allegations contained in Paragraph 60 of the Complaint.

61.     Deny the allegations contained in Paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint.

63.     Deny the allegations contained in Paragraph 63 of the Complaint.

64.     Deny the allegations contained in Paragraph 64 of the Complaint.

65.     Deny the allegations contained in Paragraph 65 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief whatsoever, and deny each and every allegation contained in each and every subsection and each and every numbered paragraph of the Wherefore clause.

38133111v2

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

66. The Complaint, and the claims for relief alleged therein, fail to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

67. Plaintiffs lack standing and their claims are barred, in whole or in part, because they are not authorized to bring this action.

## THIRD AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred, in whole or in part, because Trade Off and Trade Off Plus are not a party to any collective bargaining agreement with Mason Tenders.

## FOURTH AFFIRMATIVE DEFENSE

69. Plaintiffs' claims are barred, in whole or in part, because the Complaint unlawfully seeks to bind non-signatories to collective bargaining agreements and require contributions to Union benefit funds for hours worked by non-union employees where those employees are not eligible for such benefits.

## FIFTH AFFIRMATIVE DEFENSE

70. Plaintiffs' fraud claims are barred, in whole or in part, because they are preempted by ERISA.

## SIXTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claims alleging that Defendants violated collective bargaining agreements are barred, in whole or in part, because they are preempted by the LMRA, and in any event, they are entitled to no relief under the collective bargaining agreements.

38133111v2

## SEVENTH AFFIRMATIVE DEFENSE

72.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

73.     Plaintiffs' action is barred by virtue of the doctrines of estoppel, waiver and/or acquiescence.

## NINTH AFFIRMATIVE DEFENSE

74.     Plaintiffs' action is barred by virtue of the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

75.     Plaintiffs have failed to plead fraud with the requisite particularity.

## ELEVENTH AFFIRMATIVE DEFENSE

76.     Plaintiffs' action is barred because granting the relief sought would unjustly enrich Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

77.     Defendants allege that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.  Defendants reserve the right to assert additional affirmative defenses in the event discovery or clarification of Plaintiffs' claims indicate that they would be appropriate.

WHEREFORE, Defendants demand judgment against Plaintiffs:

A.      Dismissing the Complaint with prejudice;

B.      Awarding Defendants their attorneys' fees and disbursements; and

C.      Granting such other and further relief as may be just and proper.

9

38133111v2

Dated: March 15, 2019
      New York, New York

TROUTMAN SANDERS LLP

By: */s/ Matthew J. Aaronson*
      Matthew J. Aaronson
875 Third Ave
New York, New York 10022
Tel: (212) 704-6000
Matthew.Aaronson@troutman.com
*Attorneys for Defendants Trade Off, LLC, Trade Off Plus, LLC and Ronald Lattanzio*

10

38133111v2